UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KELSEA SVOCHAK, AS NEXT FRIEND OF A MINOR, K.S.,** § § § | | |
| **Plaintiff** § | | **No. 4:23-cv-0270-P** |
| § | | |
| **v.** § | | |
| § | | |
| **GRAPEVINE COLLEYVILLE ISD,** § | | |
| **Defendant** | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Kelsea Svochak, as next friend to her minor child, K.S. (collectively "Plaintiff"), to file this *Plaintiff's First Amended Complaint* against the Defendant Grapevine Colleyville ISD ("Defendant") as follows:

### A.    ENTITLEMENT TO RELIEF

1. Plaintiff is entitled to relief because Defendant discriminated against K.S. based on is disabilities by repeatedly removing him from school due to his behavior related to his disabilities, by calling K.S. stupid, and by ignoring Plaintiff's numerous requests for the Defendant to help K.S.

2. During the 2021-2022 school year, Plaintiff K.S. was a Grapevine Elementary School student attending Grapevine Colleyville ISD. While under the supervision of Defendant, Plaintiff K.S. was discriminated against. Plaintiff K.S. was a student with a disability and Defendant was timely informed of this. Defendant refused to test Plaintiff K.S. for autism and dyslexia despite Plaintiff's repeated requests. Plaintiff K.S. became increasingly frustrated when he was not provided with the resources he needed

at school his behavior began to deteriorate. Defendant called Plaintiff multiple times to pick up Plaintiff K.S. because of his behavioral issues related to his disability. An employee of Defendant called Plaintiff K.S. "stupid." Plaintiff K.S. is now traumatized because of the way he was treated by Defendant and has to participate in extensive therapy.

Plaintiff reached out for help for K.S. to multiple District employees. Plaintiff was ignored and K.S. was not provided any support. Defendant did not provide Plaintiff K.S. reasonable services or accommodations for his disability.

As a result of Defendant's discriminatory acts and omissions, Plaintiff K.S.'s family was forced to withdraw Plaintiff K.S. from Grapevine Elementary School and enroll him in a private school which provides Plaintiff K.S. with the educational support required.

Plaintiff K.S. suffered physical distress and emotional distress from the District's discriminatory acts.

3. Plaintiff now files this action for relief pursuant to 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794. 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. which protect qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. 29 U.S.C § 794 extends the prohibition on discrimination to all activities of by State and local governments regardless of whether these entities receive federal financial assistance.

### B.   PARTIES

4. Plaintiff is an individual residing in Texas. Plaintiff K.S. is a minor, and this matter is being asserted by his mother, Kelsea Svochak as K.S.'s next friend. Because of the privacy issues involved in this matter, Plaintiff is hereby exercising her right to

proceed with this matter anonymously.

5. The need to protect the identity of Plaintiff K.S. (being a minor) shall not hinder the defense of this matter, for the facts are well known to the Defendant. When applying the balancing tests to determine the needed protection of the minor versus the small inconvenience to the Defendant, the protection of the minor prevails.

6. At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff K.S.'s identity shall be disclosed.

7. Defendant, Grapevine Colleyville ISD, is a public school district operating in the State of Texas as a political subdivision of the state of Texas.

### C.   SERVICE

8. Defendant is a school district located in Tarrant County, Texas, and may be served with process by serving the interim superintendent, Dr. Brad Schnautz, at 3051 Ira E. Woods Avenue, Grapevine, TX 76051, under the authority of Texas Civil Practice & Remedies Code section 17.024(c).

### D.   JURISDICTION and VENUE

9. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq.,29 U.S.C. § 794, and 42 U.S.C. § 1983.

### E.   FACTUAL ALLEGATIONS

10. At all times relevant to this action, Plaintiff K.S. was a student attending Grapevine Elementary School ("School"), in the District.

11. At all times relevant to this action, Plaintiff K.S. was a first-grade student.

12. At all times relevant to this action, Defendant knew that Plaintiff K.S. was a student with a disability.

13. At all times relevant to this action, Defendant knew that Plaintiff requested that her son be tested for autism and dyslexia multiple times.

14. Plaintiff K.S. became increasingly frustrated when he was not provided with the resources needed and his behavior began to deteriorate. Defendant called Plaintiff multiple times to pick up Plaintiff K.S. because of his behavioral issues related to his disability.

15. An employee of Defendant called Plaintiff K.S. "stupid."

16. Plaintiff K.S. is now traumatized because of the way he was treated by Defendant has to participate in extensive therapy.

17. Plaintiff reached out for help for K.S. to multiple District employees. Plaintiff was ignored and K.S. was not provided any support. Defendant did not provide Plaintiff K.S. reasonable services or accommodations for his disability.

18. As a result of Defendant's discriminatory acts and omissions, Plaintiff K.S.'s family was forced to withdraw Plaintiff K.S. from Grapevine Elementary School and enroll him in a private school which provides Plaintiff K.S. with the educational support required.

19. Plaintiff K.S. suffered physical distress and emotional distress from the District's discriminatory acts.

## F.   LEGAL AUTHORITY

### DISCRIMINATION BASED ON DISABILITY

20. Section 794 of Title 29 of the United States Code provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

21. Section 12101 and 12131 of Title 42 of the United States Code prohibit discriminatory acts by public entities against persons with disabilities.

22. The Congress finds that—

(1) Physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination.  42 U.S.C. § 12101.

23. 42 U.S.C. §12131 states:

   (1) **Public entity**

   The term "public entity" means—

   (a) Any State or local government;

   (b) Any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

   (c) The National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49).

   **(2) Qualified individual with a disability**

   The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation

barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

24. 29 U.S.C. § 794 states:

> (d) Promulgation of rules and regulations
>
> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.
>
> (e) **"Program or activity" defined**
>
> For the purposes of this section, the term "program or activity" means of all of the operations of—
>
> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government.

(2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency (as defined section 7801 of title 20(, system of career and technical education, or other school system;

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which established by two or more of the entities described in paragraph (1), (2), or (3);

Any part of which is extended Federal financial assistance."

## SECTION 1983

25.  The Fourteenth Amendment to the United States Constitution forbids the State to deprive any person of life, liberty, or property without due process of law. *Goss v. Lopez*, 419 U.S. 565, 572 (1975). When a state statute directs local authorities to provide a

free education to all children and a compulsory-attendance law requires attendance for school, school children plainly have legitimate claims of entitlement to a public education. *Id.* at 573.

26. School children do not shed their constitutional rights at the schoolhouse door. *Tinker v. Des Moines School Dist.*, 393 U.S. 503, 506 (1969). "The Fourteenth Amendment, as now applied to the States, protects the citizen against the State itself and all of its creatures –Boards of Education not excepted." *West Virginia Board of Education v. Barnette*, 319 U.S. 624, 637 (1943).

27. The State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause. *Goss at* 574; and *see New Braunfels Indep. Sch. Dist. v. Armke*, 658 S.W.2d 330, 332 (Tex.—Waco 1983, no writ.) (quoting Goss v. Lopez). The Due Process Clause also forbids arbitrary deprivations of liberty. *Id.*

28. Article VII, section 1 of the Texas Constitution confers the right on school children for a public free school. *Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 774 (Tex. 2005).

29. To fulfill the constitutional obligation under the Texas Constitution, Article VII, section 1 to provide a general diffusion of knowledge, districts must provide all Texas children access to a quality education that reasonably enables them to achieve their potential and fully participate now and in the future in the social, economic, and educational opportunities of our state and nation. *Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 787 (Tex. 2005) (citing Tex. Educ. Code §§ 4.001(a) and 28.001.)

30. Section 1983 of Title 42 of the United States Code provides, in part:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

31. Defendant's described acts and omissions as to Plaintiff K.S. were committed under the color of law and resulted in the violation of Plaintiff K.S.'s rights under:

(f) The procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Plaintiff K.S.'s rights.

(d) The substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Plaintiff K.S.'s rights.

(e) The equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Plaintiff K.S.'s rights.

Hereafter, the foregoing shall be collectively referred to as the "Section 1983 Violations."

## GRAPEVINE COLLEYVILLE INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES OFFICIAL POLICIES

32. Grapevine Colleyville Independent School District Board Policy Manual contains Policy FB(LEGAL)-P, which states "No person shall be excluded from participation in, denied the benefits of, or subjected to discrimination by any district that receives federal financial assistance, on the basis of …Disability, or relationship or association with an individual with a disability.."

33. Grapevine Colleyville Independent School District Board Policy Manual contains Policy FB(LEGAL)-P, which states "Under the Americans with Disabilities Act

(ADA), no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a district, or be subjected to discrimination by the district."

34. Grapevine Colleyville Independent School District Board Policy Manual contains Policy FB(LEGAL)-P which states "Under Section 504 of the Rehabilitation Act, no otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."

35. Grapevine Colleyville Independent School District Board Policy Manual contains Policy DH(LEGAL)-P which states "Educators shall comply with standard practices and ethical conduct toward students, professional colleagues, school officials, parents, and members of the community and shall safeguard academic freedom."

### G. Harm suffered by Plaintiff K.S.

36. The discrimination as to Plaintiff K.S. was emotionally and mentally harmful to him and he was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior.

37. Such physical, emotional, and mental harm resulted in Plaintiff K.S. not being able to receive and benefit from the educational opportunities offered to the other students at Plaintiff K.S.'s school.

38. Further, such physical, emotional, and mental harm continues to prevent Plaintiff K.S. from being able to receive and benefit from the educational benefits offered to the other students within Defendant independent school district.

39. As a direct result of Plaintiff K.S. being permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory behavior and

acts, Plaintiff K.S.'S emotional and mental health is likely to continue to deteriorate.

### H.  PLAINTIFF'S CAUSES OF ACTION

40. Plaintiff K.S. incorporates by reference the facts and authorities set forth in the foregoing sections hereof.

41. Defendant's described acts and omissions as to Plaintiff K.S. were discriminatory under 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794.  42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. because he was unable to access his educational program because of his disability, and Defendant took no or insufficient action to provide K.S. with reasonable services or accommodations so that he could access his educational program.

42. Defendant's Section 1983 Violations as to Plaintiff K.S. were committed under the color of law and resulted in the violation of Plaintiff K.S.'s procedural and substantive due process rights, and equal protection rights, afforded K.S. under the United States Constitution and other federal laws.

43. Plaintiff K.S. has suffered emotional and psychological harm and damages as a result of the Section 1983 violations set forth herein and committed by Defendant entitling Plaintiff K.S. to compensatory damages (actual and consequential) pursuant to Section 1983, for which Plaintiff K.S. now sues.

### I.  REQUEST FOR JURY

44. Plaintiff hereby requests that a jury be empaneled, and, that theforegoing causes of actions and requests for relief be presented thereto.

### J.  PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays that upon final consideration of this

matter that Plaintiff have judgment against Defendant for:

    a. Monetary damages;

    b. Reasonable and necessary attorneys' fees;

    c. Taxable expenses of litigation and costs of court;and,

    d. Post-judgment interest at the maximum lawful rate.

Plaintiff further prays that Plaintiff receive such other and further relief to which she may be justly entitled.

Respectfully submitted,

DUFFEE + EITZEN LLP
4311 Oak Lawn Avenue, Suite 600
Dallas, Texas 75219
Tel: (214) 416-9010
Fax: (214) 416-9005


/s/George Shake
George H. Shake
State Bar No. 24077524
george@d-elaw.com
Attorney for Plaintiff