IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KELSEA SVOCHAK, as next of friend of K.S.,<br>　　Plaintiff,<br><br>v.<br><br>GRAPEVINE-COLLEYVILLE ISD,<br>　　Defendant. | CIVIL ACTION NO. 4:23-CV-270-BJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Grapevine-Colleyville ISD ("GCISD")'s Motion for Summary Judgment [doc. 30] and Brief in Support [doc. 31], filed October 9, 2023. Having carefully reviewed the motion, brief, and applicable law,[1] the Court concludes that Defendant's Motion for Summary Judgment [doc. 30] is **GRANTED** and the remaining claims against it are **DISMISSED**.

### I.　BACKGROUND

Plaintiff K.S., a minor, through his next friend and mother Kelsea Svochak, filed suit against Grapevine-Colleyville ISD asserting claims under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983 for alleged violations of K.S.'s constitutional rights. The Court previously dismissed K.S.'s constitutional claims under Section 1983. (ECF 22). GCISD now moves for summary judgment on Plaintiff's disability discrimination claims under the ADA and the RA.

---

[1] The Court notes that for the second time in this case, Plaintiff has wholly failed to respond to a substantive motion. (*See* ECFs 8, 14, 21, and 22). Defendant filed its Motion for Summary Judgment on October 9, 2023, which made Plaintiff's response to the motion due on October 30, 2023. *See* Local Civil Rule 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). As of the date of this order, Plaintiff has wholly failed to respond to the motion.

## II. LEGAL STANDARD

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.3d 167, 178 (5th Cir. 1990). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure, "to achieve the just, speedy, and inexpensive determination of actions, and when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

All of the evidence must be viewed in the light most favorable to the nonmovant, but the movant may not satisfy his or her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Federal Rule of Civil Procedure ("Rule") 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's

2

opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted). "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). "The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists." *Id.*

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *5–6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at 1 and n.2; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed); *see also UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("A summary judgment nonmovant who does not respond to the

motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence."). Furthermore, the court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### III. ANALYSIS

GCISD argues, in its Motion for Summary Judgment, that it is entitled to dismissal in this suit because: (1) K.S. failed to administratively exhaust his disability discrimination claims in accordance with the Individuals with Disabilities Education Act ("IDEA"); (2) K.S.'s mother cannot recover the remedies she seeks; (3) K.S. has no recoverable damages; and (4) K.S.'s allegations fail to give rise to an actionable violation of the RA and the ADA. (Defendant's Brief in Support of its Motion for Summary Judgment ("Def.'s Br.") at 1–22). Because K.S. wholly failed to respond, the Court must evaluate GCISD's arguments in light of the summary judgment evidence and determine whether there is any dispute of material fact that would necessitate the denial of this motion.

GCISD first argues that K.S.'s disability discrimination claims under the ADA and RA should be dismissed because he failed to exhaust his administrate remedies.[2] (Def.'s Br. at 3). The IDEA, bars plaintiffs from circumventing its administrative exhaustion requirement by asserting under a different statute claims that could have been brought thereunder. *See, e.g., T.B. v. Nw. Indep. Sch. Dist.*, No. 4:18-CV-984-A, 2019 WL 3530884, at *3 (N.D. Tex. Aug. 2, 2019), *aff'd sub nom. T. B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047 (5th Cir. 2020). However,

---

[2] "The RA and the ADA are judged under the same legal standards, and the same remedies are available under both Acts." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). Likewise, the relevant definition of disability set forth in the ADA is applicable to claims made under the RA. *Id.* Thus, "[j]urisprudence interpreting either section is applicable to both," *Delano–Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002), and courts typically treat plaintiffs' ADA and RA claims coextensively and analyze them together as though they were a single claim. *Id.*

4

a suit "premised on the past denial of a free and appropriate public education [("FAPE")] may nonetheless proceed without exhausting IDEA's administrative processes if the remedy [the] plaintiff seeks is not one IDEA provides." *Perez v. Sturgis*, 143 S. Ct. 859, 865 (2023). To determine whether the remedies a plaintiff seeks fall under IDEA, the court looks to the gravamen of the complaint, and not the words used, to determine whether the complaint seeks redress for a school's failure to provide a FAPE. *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 755 (2017). Fifth Circuit precedent holds that if the complaint seeks redress for the failure to provide a FAPE and the relief sought is available under IDEA, then a plaintiff must exhaust his administrative remedies by obtaining a decision from a Special Education Hearing Officer ("SEHO"). *See Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017) ("Exhaustion requires more than pleading a claim, however; it requires "findings and decision" by the administrative body."); *Heston v. Austin Indep. Sch. Dist.*, 816 Fed. App'x 977, 983 (5th Cir. 2020), *abrogated on other grounds*; *Perez*, 143 S. Ct. at 859 ("[W]e have previously held that administrative exhaustion requires 'more than pleading a claim'—the administrative body must actually come to a decision.").

In this case, the summary judgment evidence shows that, while K.S. does not invoke IDEA in his complaint, the basis of his claims sound in the alleged denial of a FAPE. (*See* Plaintiff's First Amended Complaint at 11; *see also* Defendant's Appendix in Support of Motion for Summary Judgment ("Def.'s App.") at 274–75 (K.S.'s mother's deposition testimony stating that she disagreed with the school district's assessment of K.S.'s disability and felt that the Individualized Education Program GCISD provided was insufficient to address K.S.'s disability)). The evidence further shows that the remedies that K.S. seeks for the alleged denial of a FAPE are as follows: (1) reimbursement for past services incurred; (2) reimbursement for K.S.'s private

5

school; and (3) K.S.'s continued placement in a private school. (*See* Def.'s App. At 306–08 (K.S.'s mother's deposition testimony regarding the remedies sought)). It is axiomatic that all of the remedies sought by K.S. are available under IDEA and may be granted by a SEHO. *See* 34 C.F.R. § 300.148 (noting parents can request reimbursement for private placements); *see also Forest Grove Sch. Dist.*, 557 U.S. 230, 247 (2009) (concluding the "IDEA authorizes reimbursement for the cost of private special-education services when a school district fails to provide a FAPE"); *A.G. v. Dist. of Columbia*, 794 F. Supp. 2d 133, 139-41 (D.C.D.C. 2011) (discussing parents' ability to recover reimbursement for services from the special education hearing officer); 19 TEX. ADMIN. CODE § 89.1185(o) (noting that during the pendency of an appeal, a school district "may withhold reimbursement for past expenses ordered by the hearing officer"). Therefore, because K.S. seeks remedies that are available under IDEA for GCISD's alleged failure to provide a FAPE, he was required to exhaust his administrative remedies prior to bringing this suit.

The summary judgment evidence provided by GCISD does not include a decision from a SEHO. GCISD has asserted that there is no decision to include because K.S. has not asked for the appropriate Due Process Hearing regarding the alleged IDEA violations. (Def.'s Br. at 5). K.S. has offered no evidence to refute this assertion. Consequently, the summary judgement evidence shows that K.S. has failed to exhaust his administrative remedies. Accordingly, because K.S. was required to exhaust his administrative remedies prior to bringing this suit, and the summary judgment evidence shows that he has failed to do so, GCISD's motion for summary judgment is **GRANTED.**[3]

---

[3] Because dismissal is appropriate on this issue the Court need not address GCISD's other arguments.

## IV.   CONCLUSION

Based of the forgoing, GCISD's Motion for Summary Judgment [doc. 30] is **GRANTED** and the remaining claims against it are **DISMISSED**.

SIGNED December 5, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE